## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LESTER KRUPP, JR.,        )
                              )
        Plaintiff,       )
                              )
       v.               )       No. 4:07CV883 JCH
                              )
CITY OF ST. LOUIS JUSTICE    )
CENTER, et al.,            )
                              )
        Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Lester Krupp (registration no. 92353), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $26.67. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $133.33, and an average monthly balance of $106.12. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was a pretrial detainee at St. Louis City Justice Center. Named as defendants are St. Louis City Justice Center (StLCJC), Susan Singer (Physician, Corrective Medical Services), Unknown Jones (Nurse, CMS), Unknown Brown Lieutenant, StLCJC), Unknown Ward (Correctional Officer, StLCJC), Unknown Brock (Lieutenant, StLCJC), the City of St. Louis, the State of Missouri, and the Missouri Department of Corrections.  Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that on March 19, 2007, he was battered by four inmates while he was locked in protective custody. Plaintiff alleges that defendant Brock was the officer in charge of protective custody and that Brock failed to protect him from the other prisoners.

Plaintiff alleges that after the incident he was handled "roughly" by defendant Brown, who took him to see defendant Jones. Plaintiff alleges that Jones refused to treat his injuries or to send him to a doctor.

Plaintiff alleges that he did not see a doctor until March 22, 2007, when he saw defendant Singer. Plaintiff alleges that Dr. Singer called an eye specialist about his condition because he could not see out of one of his eyes. Plaintiff alleges that the eye specialist diagnosed him as having suffered optical nerve damage.

Plaintiff alleges that defendant Ward allowed one of plaintiff's attackers into his cell to beat him and that Ward did this in retaliation for filing a grievance against defendant Brock.

Plaintiff alleges that Dr. Singer never followed up with plaintiff's medical treatment.

Finally, plaintiff alleges that defendant Brown and Lieutenant Burt put plaintiff in "the hole" with the inmates who had previously beat him.

## Discussion

Plaintiff's allegations against Jones, Singer, Brock, Brown, and Ward survive initial review under 28 U.S.C. § 1983 and should not be dismissed at this time. In consequence, the Court will order these defendants to respond to the complaint.

For a local municipality to be liable under § 1983, a plaintiff must allege that a policy or custom of the municipality inflicted the injury to plaintiff. Monell v. Dep't. of Soc. Serv. of City of New York, 436 U.S. 658, 694-695 (1978). Plaintiff has not alleged that a policy or custom of the City of St. Louis is responsible for his injuries. As a result, plaintiff's claims against the City of St. Louis and the City of St. Louis Justice Center will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff's claims against Missouri and Missouri Department of Corrections are barred because these defendants are immune from suit. E.g., Walker v. Missouri Dep't. of Corrections, 213 F.3d 1035, 1036 (8th Cir. 2000). As a result, plaintiff's claims against Missouri and Missouri Department of Corrections will be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $26.67 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Jones, Singer, Brock, Brown, and Ward.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Jones, Singer, Brock, Brown, and Ward shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

---

[1]Unknown Jones and Susan Singer are alleged to be employees of Corrective Medical Services.  Unknown Brock, Unknown Brown, and Unknown Ward are alleged to be employed at St. Louis City Justice Center.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants City of St. Louis, St. Louis City Justice Center, State of Missouri, Missouri Department of Corrections because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 4th Day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE