UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER F. KRUPP, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

The matter is before the Court on sundry motions, letters, and filings by Plaintiff. Upon consideration, the Court makes the following rulings:

On July 3, 2007, Plaintiff filed a Motion entitled Failure to Respond to Judge's Order by Court dated May 4, 2007. (Doc. No. 17). This motion is denied because Plaintiff has not asked for any relief. Thus, there is nothing for the Court to grant or deny.

Plaintiff has filed numerous letters (Doc. No. 20-22, 25-29, 32, 34-36, 41, 45-47) that ask for discovery. As an initial matter, the Court reminds Plaintiff that discovery should not be filed with the Court. See E.D.Mo. L.R. 3.02(A). To the extent that these letters are meant to be Motions under Fed. R. Civ. P. 37, they are denied because they do not comply with Rule 37(a)(2); E.D.Mo. L.R. 3.04(A).

Plaintiff filed a Request for Temporary Injunction to prevent the sale of his personal property by Defendants. (Doc. No. 33). To grant a temporary injunction, the Plaintiff must shows that it has met the four factors enunciated in Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Here, Plaintiff has not shown that he meets any of the four factors. Thus, this motion is denied.

Plaintiff has filed a Motion to Set a Trial Date. (Doc. No. 42). Upon consideration, this motion is denied. The Court has yet to issue a case management order, which will lay out the schedule for discovery.

Plaintiff has filed a Motion for Extension of Time to Complete Discovery. (Doc. No. 44). The Court will deny this order because it has yet to issue a case management order detailing how discovery will occur. Furthermore, not all of the parties have been served or have responded. Thus, this motion is denied without prejudice.

Finally, On July 10, 2007, Plaintiff filed a Motion to Appoint Counsel. (Doc. No. 30). There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether the petitioner will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the petitioner's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Plaintiff's motion in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Plaintiff indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Doc. No. 17, 20-22, 25-30, 32, 34-36, 41-42, and 44-47 are **DENIED**.

Dated this 17th day of July, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE