UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER KRUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| ST. LOUIS JUSTICE CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on various motions filed by Plaintiff. The Court will address each in turn.

On October 1, 2007, Plaintiff filed a "Motion to Object to Questions filed by defendant Eric Ward for production of documents." (Doc. No. 64). This motion asserts that some of Defendant Erik Ward's ("Ward") request for admissions are irrelevant and asks that the Court determine that these requests are moot. Upon consideration, the Court will deny this motion without prejudice. Plaintiff may note his objections when he responds to Ward's requests. If Ward believes that these objections are not well-taken, he may file a motion to compel.

On October 19, 2007, Plaintiff filed his "Motion to Alter or Amend Judgment." (Doc. No. 72). In this motion, Plaintiff asserts that the Court should not have denied his request for subpoenas. Upon consideration, the Court will deny this motion. Plaintiff, however, may refile his subpoenas to be issued because a case management order now exists. Plaintiff should fill out these subpoenas, but he should leave them unsigned because an officer of the Court must sign the subpoena.

On October 23, 2007, Plaintiff filed his Motion for Judgment. (Doc. No. 76). Here, Plaintiff requests that the Court enter judgment against Defendant Unknown Brock because he has not filed a responsive pleading. After reviewing the record, Defendant Unknown Brock has never been served with process, as required by Fed. R. Civ. P. 4. Moreover, Fed. R. Civ. P. 4(m) requires that process must be served within 120 days after the filing of the complaint. More than 120 days have passed. As such, the Court will order Plaintiff to show cause why Defendant Unknown Brock should not be dismissed without prejudice for lack of timely service.

On October 23, 2007, Plaintiff also filed his Motion for Request for Depositions of Defendants. (Doc. No. 74). In this motion, Plaintiff asks this Court to allow him to take the depositions of selected Defendants. The motion also asks the Court to make numerous orders regarding the timing, location, and equipment present at these depositions. Upon consideration, the Court will not grant Plaintiff's request for an order specifying the timing, location, and manner of depositions. These are issues for the parties to work out amongst themselves. The Court also notes that this denial has no effect on Plaintiff's ability to depose the witnesses listed in his motion. Finally, the Court reminds Plaintiff that it has issued a case management order which controls the timing of discovery. Should a discovery disputes arise which the parties cannot work out among themselves, Plaintiff may file a motion to compel discovery.

On October 26, 2007, Plaintiff filed his "Declaration for Entry of Default." (Doc. No. 77). This document, which purports to be an affidavit, states that Brock has been served with process. This document, however, fails to show that Brock was served with process because it is not a properly sworn affidavit.

On October 26, 2007, Plaintiff also filed his "Motion for Failure to Make Disclosure or Cooperate in Discover Sanctions." (Doc. No. 78). In this motion, Plaintiff complains that Defendants

have failed to timely respond to his discovery requests. Upon consideration, this motion is denied because the Court has issued a case management order that provides for the timing of discovery. Should Defendants fail to turn over discovery once the deadlines in the case management order have passed, Plaintiff may file a motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Failure to Make Disclosure or Cooperate in Discover Sanctions" (Doc. No. 78), motion for "Declaration for Entry of Default" (Doc. No. 77), "Motion for Judgment" (Doc. No. 76), and "Motion to Alter or Amend Judgment" (Doc. No. 72), and are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Friday, November 30, 2007**, to show cause, in writing, why this action should not be dismissed without prejudice as to Defendant Unknown Brock for lack of timely service

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Request for Depositions of Defendant (Doc. No. 74) and "Motion to Object to Questions filed by defendant Eric Ward for production of documents" (Doc. No. 64) are **DENIED** without prejudice.

Dated this 29th day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE