UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER KRUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendants Dr. Susan Singer and Unknown Jones' Motion to Dismiss (Doc. No. 58), filed August 8, 2007. Plaintiff has filed a response.

**BACKGROUND**

Plaintiff Lester Krupp is currently incarcerated at the City of St. Louis Justice Center. (Compl., Doc. No. 1). He alleges that four inmates assaulted him on March 19, 2007. (Id. at p. 7). Following this assault, he spoke with Defendant Unknown Jones ("Nurse Jones"), who refused to send him to the hospital because of his injuries. (Id.). On March 22, 2007, Defendant Dr. Susan Singer ("Dr. Singer") examined Plaintiff and sent him to the Anheuser-Busch Eye Institute, where he was diagnosed with "optical nerve damage." (Id.). He alleges that Dr. Singer then failed to provide him with continuing treatment. (Resp., Doc. No. 60 at p. 3).

On April 30, 2007, Plaintiff filed his Complaint asserting a 42 U.S.C. § 1983 action against Defendants[1] for violating his Fifth Amendment due process rights and his Eighth Amendment right

---

[1]Plaintiff named the following as Defendants: City of St. Louis Justice Center; Dr. Singer; Nurse Jones; Unknown Brown; Eric Ward; Unknown Brock; City of St. Louis; State of Missouri;

- 1 -

to be free from cruel and unusual punishment. (Compl., Doc. No. 1). On August 8, 2007, Dr. Singer and Nurse Jones filed the present motion to dismiss asserting that Plaintiff's claims against them fail for two reasons. (Mot. to Dismiss, Doc. No. 58). First, they assert that Plaintiff has failed to state a § 1983 claim against them because he has not adequately alleged a violation of his constitutional rights. (Id. at p. 3). Alternatively, they assert that Plaintiff failed to exhaust his administrative remedies. (Id. at pp. 3-4). Conversely, Plaintiff asserts that he has stated a claim, that he did file all the necessary administrative grievances, and that his transfer excepted him from the exhaustion requirements. (Resp., Doc. No. 60 at p. 3).

## DISCUSSION

### I. Failure to State a Claim

Defendants first assert that Plaintiff fails to state a claim for relief because he has not alleged enough facts to show that either Nurse Jones or Dr. Singer violated his constitutional rights. Plaintiff responds that he has made out a valid claim for relief under § 1983.

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the

---

and the Missouri Department of Corrections ("MDOC"). On May 24, 2007, the Court dismissed the Claims against the City of St. Louis Justice Center, the City of St. Louis, the State of Missouri, and MDOC. (Frivolity Review, Doc. No. 4).

Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Upon consideration, the Court finds that Plaintiff has alleged enough facts to withstand a motion to dismiss. Given Plaintiff's pro se status, his allegations against Dr. Singer and Nurse Jones are enough to state a claim for relief that is "plausible on its face." Twombly, 127 S. Ct. at 1974 (2007).

## II. <u>Exhaustion of Administrative Remedies</u>

Nurse Jones and Dr. Singer also assert that Plaintiff failed to exhaust his administrative remedies. Plaintiff asserts that he has in fact exhausted his administrative remedies. Moreover, he asserts that he was not required to do so because he transferred facilities.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). This requirement applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001).

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). The assertion that a plaintiff failed to exhaust all available administrative remedies as mandated by the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Jones v. Block, 127 S. Ct. 910, 921 (2007). The underlying principle of the § 1997e(a) exhaustion requirement is to give notice to administrators

and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2d Cir. 2001).

The Court will not dismiss Plaintiff's claims because Defendants have not shown that he failed to exhaust his administrative remedies. As the Supreme Court instructs, exhaustion is an affirmative defense and "inmates are not required to specifically plead or demonstrate [it] in their complaints." Jones, 127 S. Ct. at 921.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 58) is **DENIED**.

Dated this 6th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] Upon consideration, the Court finds Defendant's arguments may also be properly raised by way of a motion for summary judgment, so that, after discovery, each party is provided the opportunity properly to address and brief the issues raised using the appropriate summary judgment standard.