UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER F. KRUPP, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The matter is before the Court on Plaintiff's Motion for Appointment of Counsel, filed November 14, 2007. (Doc. No. 98). Plaintiff filed this action on April 30, 2007 alleging that prison officials failed to treat his medical conditions. (Doc. No. 1).

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether the petitioner will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the petitioner's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Plaintiff's motion in view of the relevant factors, the Court finds that the factual and legal issues presented in the instant case are not so complex as to warrant the appointment

of counsel at this time. In addition, Plaintiff's past motions, notices, and pleadings indicate he is capable of presenting the factual and legal issues without the assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. No. 98) is **DENIED**.

Dated this 14th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE