UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER KRUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The matter is before the Court on the following motions: Plaintiff's Motion for Order Compelling Discovery against Defendants Eric Ward ("Ward") and Raymond Brown ("Brown") (Doc. No. 92), filed November 8, 2007; Defendants Unknown Jones ("Jones") and Susan Singer's ("Dr. Singer") Motion to Quash (Doc. No. 96), filed November 13, 2007; Plaintiff's Motion to Compel Discovery and Sanctions against Dr. Singer (Doc. No. 102) filed November 16, 2007; Plaintiff's Motion to Compel as to Ward and Brown (Doc. No. 104), filed November 16, 2007; and Plaintiff's Motion for Leave of the Court to Serve Defendants by Certified Mail or Serve Attorneys of Record (Doc. No. 107), filed November 19, 2007. Upon consideration, the Court makes the following rulings:

The Court will deny both of Plaintiff's Motion to Compel Discovery relating to Ward and Brown because they have filed a motion showing that Plaintiff filed his latest set of interrogatories on November 5, 2007. (Doc. No. 109). As such, the time for Ward and Brown to answer Plaintiff's discovery has not run. See Fed. R. Civ. P. 33(b)(3). Moreover, Rule 33 gives the Court the power

- 1 -

to extend the thirty day period for answering interrogatories. See id. The Court will grant Defendants Ward and Brown until December 5, 2007 within which to answer Plaintiff's discovery requests.

The Court will also deny Plaintiff's Motion to Compel and for Sanctions against Dr. Singer. The Court has already granted Dr. Singer additional time to answer Plaintiff's discovery requests. (Doc. No. 100).

The Court will deny Dr. Singer and Unknown Jones' Motion to Quash because Plaintiff has not served the subpoenas yet. Unless successfully served, Dr. Singer and Jones are not required to attend any depositions.

Similarly, the Court will deny Plaintiff's Motion for Leave to Serve Subpoenas by Mail or Serve Attorneys of Record. The Court has already informed Plaintiff that he must serve the subpoenas as required under the Federal Rules of Civil Procedure. (Doc. No. 95).

Finally, the Court notes that Plaintiff has continued to abuse the motion process by flooding the Court with repetitive and vexatious motions. Plaintiff must discontinue this practice as it wastes the time of both the Court and opposing counsel. Thus, Plaintiff is warned that any repetitive and vexatious motions that the Court receives will be struck from the record. Additionally, Plaintiff is warned that failure to discontinue this practice may result in sanctions, such as the Court striking Plaintiff's pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. No. 92), Plaintiff's Motion to Compel Discovery (Doc. No. 102), and Plaintiff's Motion to Compel Discovery (Doc. No. 104) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Susan Singer and Unknown Jones' Motion to Quash (Doc. No. 96) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Serve Subpoenas by Mail or Serve Counsel of Record (Doc. No. 107) is **DENIED**.

Dated this 20th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE