UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER J. KRUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on various motions filed by Plaintiff on November 23, 2007.

Plaintiff's Motion for Clarification of Order (Doc. No. 113) requests the Court to clarify an order issued by United States District Judge Henry Autrey in 4:07-CV-884 (HEA), a case which has since been consolidated with this action. The order at issue gave Plaintiff until November 5, 2007 to pay his initial filing fee. (4:07-CV-884 (HEA), Doc. No. 17). Plaintiff believes that this date cannot be correct because he previously asked for an additional thirty days to pay his filing fee. Upon consideration, the Court will order Plaintiff to pay his initial filing for 4:07-CV-884 (HEA) no later than December 7, 2007. The Court recognizes that it has consolidated 4:07-CV-884 (HEA) with 4:07-CV-883 (JCH); however, Plaintiff is still required to pay the filing fee in both cases.

Plaintiff's Motion for Leave to Take Depositions of Inmates (Doc. No. 114) requests leave to depose six inmates. Under Fed. R. Civ. P. 30(a)(2), such depositions cannot occur without the Court's leave. Rule 30(a)(2) instructs that this leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." These principles mainly involve balancing the benefit of the proposed discovery with its likely burdens. Fed R. Civ. P. 26(b)(2)(C). Upon consideration, Court

will not grant this requests because Plaintiff has not told the Court why he needs to depose the inmates. Without this information, the Court is unable to determine if the inmate's testimony will be probative or unreasonably cumulative and duplicative. Moreover, allowing depositions without knowing whether they will have any probative value places an undue burden on the inmates, the jail, and Defendants.

In his Motion for Clarification on Jerome Fields (Doc. No. 115) and his Motion for Leave of Court to Take Depositions and to Subpoena Staff Members of the St. Louis Justice Center (Doc. No. 116) Plaintiff requests that the Court issue subpoenas for six individuals. Upon consideration, the Court will send Plaintiff one signed subpoena that may be served on Defendant Jerome Fields. The request is denied as to the rest of the requested depositions because Plaintiff has not explained what probative value or benefit they will have. Moreover, the substantial burden on the staff and the jail created by these depositions outweighs their likely benefits because Plaintiff has not explained how they will benefit him, or the resolution of this action.

In his Motion for Appointment of Counsel (Doc. No. 117), Plaintiff asks that the Court to appoint counsel for him so that when he is deposed by Defendants, his Fifth Amendment rights will not be violated. Upon consideration, the Court will deny this request. Plaintiff may assert his Fifth Amendment rights, which he seemingly understands, as he sees fit. Should Defendants disagree with such an assertion, they may file a motion with the Court.

Finally, Plaintiff filed his Motion to Separate Cases and Quash Order Consolidating Them (Doc. No. 119). Upon consideration, the Court will deny this request because consolidating these cases, which contain a common nucleus of operative facts, promotes judicial economy.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification of Order (Doc. No. 113) is **GRANTED** and Plaintiff shall submit his initial filing fee for 4:07-CV-884 (HEA) no later than **Friday, December 7, 2007**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clarification regarding Jerome Fields (Doc. No. 115) is **GRANTED** and the Court shall send Plaintiff one signed subpoena.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Depose Inmates (Doc. No. 114), Plaintiff's Motion for Leave to Depose Staff Members (Doc. No. 116), Plaintiff's Motion to Appoint Counsel (Doc. No. 117), and Plaintiff's Motion to Separate Cases and Quash Consolidation Order (Doc. No. 119) are **DENIED**.

Dated this 28th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE