UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER J. KRUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-883 (JCH) |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The matter is before the Court on its review of the record. Plaintiff originally filed this action on April 30, 2007. (Compl., Doc. No. 1). Plaintiff alleges that employees of the St. Louis Justice Center allowed other inmates to assault him. Since July 1, 2007, Plaintiff has filed approximately seventy motions in this case and only eight have even been granted in part. Many of these motions are duplicative and frivolous. On November 20, 2007, the Court order plaintiff to stop inundating it, and Defendants, with motions. (Doc. No. 110). Plaintiff was also warned that failure to comply with the November 20, 2007 Order may result in sanctions, including the striking of his pleadings.

Plaintiff is before the Court In Forma Pauperis, meaning the Court has a duty to "dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious ..." 28 U.S.C. § 1915(e)(2). A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is

malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). An action is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). A complaint may be dismissed as malicious where it "was not to rectify any cognizable harm, but only to harass and disparage" the defendant. Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious). Abuse of the judicial process is another grounds for determining that an action is malicious. Ballentine v. Crawford, 563 F. Supp. 627, 628-29 (N.D. Ind. 1983).

Upon consideration, the Court finds that Plaintiff's cause of action is malicious. Plaintiff has repeatedly ignored this Court's rulings. For example, Plaintiff has filed a motion to appoint counsel nine times. (Doc. No. 30, 49, 62, 68, 83, 98, 117, 130, 139). Plaintiff has filed numerous motions to compel, even after Defendants have presented the Court with evidence that they have supplied Plaintiff with the appropriate discovery. (Doc. No. 123, 155). He refuses to accept the Court's denial of his request to subpoena Defendants' insurance provider. (Doc. No. 145, 156).[1] In sum, his filings are hostile towards both the Court and Defendants.

Plaintiff's litigation history in this district also reflects a habitual abuse of the legal process. Since April 30, 2007, Plaintiff has filed eight lawsuits in this district. Two of these lawsuits attempted

---

[1] The Court notes that the whole docket, which numbers 159 documents, contains additional examples of Plaintiff's vexatious motion practice.

to allege a class action against the St. Louis Justice Center and its employees for depriving inmates of the basic necessities of life. Both of these cases were dismissed under § 1915 as frivolous. (No. 4:07-cv-912 CEJ, Doc. No. 10; No. 4:07-CV-913 TCM, Doc. No. 8). Another suit alleges that the St. Louis Justice Center's staff violated his constitutional rights by denying him basic necessities while in administrative segregation. This case was dismissed as frivolous. (No. 4:07-CV-1862 TIA, Doc. No. 7). Four other suits are currently pending and each appears from its pleadings to lack substantial merit.[2] In sum, Plaintiff's behavior in this case, and in this district generally, shows a systematic abuse of the judicial process to harass Defendants. Section 1915 requires the Court to dismiss Plaintiff's case when such behavior occurs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (Doc. No. 138) is **DISMISSED** with prejudice, as malicious under 28 U.S.C. § 1915(e). An appropriate order of dismissal will accompany this Order.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

Dated this 14th day of January, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] No. 4:07-CV-1918 JCH (alleging defendants violated his rights by trying to draw blood without a court order); No. 4:07-CV-1968 CAS (alleging defendants denied him access to the law library because he disagreed with their method of handling requests for legal materials); No. 4:07-CV-2023 DJS (alleging a guard improperly forced him to "work"); No. 4:07-CV-2025 DJS (alleging the staff ignored his grievances).